Entered on Docket
April 20, 2011

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| In re:<br>COMMPARTNERS HOLDING CORPORATION,<br>a Nevada corporation<br>☐ Affects this Debtor.<br>☒ Affects all Debtors.<br>☐ Affects COMMPARTNERS, LLC, a Nevada limited liability company<br>☐ Affects COMMPARTNERS CARRIER SERVICES CORPORATION, a Nevada corporation<br>☐ Affects COMMPARTNERS NETWORK SERVICES, LLC, a Nevada limited liability company | Case No.: BK-S-10-20932-LBR; Chapter 11<br>Substantively Consolidated and Jointly Administered with:<br>10-20933    CommPartners, LLC<br>10-20934    CommPartners Carrier Services Corp.<br>10-20935    CommPartners Network Services, LLC<br><br>**SALES PROCEDURE HEARING:**<br>Date: April 11, 2011<br>Time: 3:00 p.m. PDT<br><br>**SALE HEARING:**<br>Date: April 26, 2011<br>Time: 1:30 p.m. PDT |
|---|---|

**ORDER: (I) APPROVING PROCEDURES FOR THE SALE OF DEBTORS' HOSTED SERVICES ASSETS, (II) SCHEDULING A FINAL HEARING APPROVING THE SALE, SUBJECT TO OVERBIDS, AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

The Sales Procedures (as hereinafter defined) in the <u>Motion for Order: (I) Approving Procedures for the Sale of the Debtors' Hosted Services Assets, (II) Authorizing the Sale Free and Clear of All Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (IV) Granting Related Relief</u> (the "<u>Motion</u>") [Docket No. 681] filed by CommPartners Holding Corporation, *et al.* (collectively, the "<u>Debtors</u>") was heard and considered by the Court on April 11, 2011 at 3:00 p.m. (the "<u>Sale Procedures Hearing</u>"); all appearance are as reflected in the record; the Court having reviewed and considered the Motion, and all evidence in support thereof; the Court having heard the arguments of counsel; it appearing that the relief requested in the Motion with respect to the Sale Procedures is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors and other parties-in-interest; the Court having placed certain findings of fact and conclusions of law on the record at the hearing pursuant to Rule 52 of the Federal Rules of Civil Procedure as made applicable pursuant to Bankruptcy Rules 7052 and 9014, and as supplemented by the written findings and conclusions set forth herein; and after due deliberation and sufficient cause appearing;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   The Debtors have articulated good and sufficient reasons for, and the best interests of Debtors' estate, creditors and other parties in interest will be served by, this Court granting the relief requested in the Motion including approval of: (1) the Sale Procedures (the "<u>Sales Procedures</u>") as defined in the Motion, as incorporated herein by reference, and subject to the extension to the Deposit Deadline (as hereinafter defined) as set forth herein, (2) the procedures (the "<u>Cure Procedures</u>") described below for the determination of the amounts necessary to cure defaults under the Contracts as of the date of this Order (the "<u>Cure Costs</u>") and to address any other disputes in connection with the assumption and assignment of the Assumed Contracts pursuant to Section 365 of the Bankruptcy Code, and (3) the form, timing and manner

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

2

of notice of the proposed sale, the Sale Procedures, the notice procedures (the "Notice Procedures") set forth herein below and the other matters described herein, including the form of notice of the proposed sale attached to the Motion as **Exhibit 4** (the "Sale Notice").

C. Under the circumstances, the Sale Procedures constitute reasonable, sufficient, adequate and proper means to provide potential competing bidders with an opportunity to submit and pursue higher and better offers for all or substantially all of the Purchased Assets. The Sale Procedures: (i) were negotiated in good faith and at arms' length between the Debtors and the Stalking Horse, (ii) are reasonable and appropriate under the circumstances, in light of the size and nature of the transactions proposed under the Purchase Agreement as compared to comparable transactions, and have been necessary to induce the Stalking Horse to continue to pursue such transactions and to continue to be bound by the Purchase Agreement, and (iii) induced the Stalking Horse to submit its bid, as memorialized in the Purchase Agreement, to serve as a minimum floor on which the Debtors, their creditors and other bidders may rely, thereby constituting a material benefit to the Debtors and their creditors by increasing the likelihood that the Debtors will receive the best possible value for the Purchased Assets.

D. Payment of the Break-Up Fee under the circumstances described in Section 11 of the Purchase Agreement: (i) will result in the payment of only the actual and necessary costs and expenses of the Stalking Horse in the event of such circumstances, (ii) will constitute actual and necessary costs and expenses of preserving and maximizing the value of the Debtors' estates within the meaning of Sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, and (iii) is reasonable and appropriate in light of the commitments that have been made by the Stalking Horse and the efforts it has made and will make in connection with the Purchase Agreement.

E. The Debtors have articulated good and sufficient reasons for, and the best interests of the Debtors' estate and stakeholders will be served by, this Court scheduling a Sale Hearing to consider entry of the Sale Order, including approval of the Sale Transaction and the transfer of the Purchased Assets to the Purchaser (or another Winning Bidder) free and clear of all Claims, pursuant to Section 363(f) of the Bankruptcy Code.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

3

F.  The Sale Notice is reasonably calculated to provide parties in interest with proper notice of the potential sale of the Purchased Assets, the related Sale Procedures, the Sale Hearing, the Sale Transaction and related implications on creditors and other parties in interest.

G.  The Motion and Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

H.  Due, sufficient and adequate notice of the relief granted herein has been given to parties in interest.

I.  Any finding of fact that would more appropriately be described as a conclusion of law shall be deemed to be a conclusion of law.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED AND DECREED AS FOLLOWS:**

1.  The Motion is GRANTED to the extent set forth herein.

2.  All objections to entry of this Order that have not been withdrawn, waived or settled as announced to the Bankruptcy Court at the Sale Procedures Hearing or the terms of this Order are overruled.

3.  The Sale Procedures shall govern all bids and bid proceedings relating to the Purchased Assets, and are hereby approved in all respects and shall govern all matters relating to the subject of such provisions.

4.  The failure specifically to include or reference any particular provision of the Sale Procedures in this Order shall not diminish or impair the effectiveness of any such procedure or provision, it being the intent of the Bankruptcy Court that the Sale Procedures be authorized and approved in their entirety, respectively. No further order of the Court is or shall be necessary for the Sales Procedures to be effective and implemented, and the Debtors are hereby authorized and directed to take any and all actions necessary or appropriate to implement the Sales Procedures.

5.  Any person wishing to submit a higher or better offer for the Purchased Assets, or any portion thereof, must do so in accordance with the terms of the Sale Procedures and must submit a Qualified Bid. In connection with the submission of a Qualified Bid, each bidder will

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

4

1 be required to confirm that it has not engaged in any collusion with respect to the bidding or submission of the Qualified Bid.

6. The deadline for submitting a Competing Bid (as such term is defined in the Sale Procedures) shall be shall be **April 22, 2011 at 4:00 p.m. PDT** for all Competing Bidders (the "Bid Deadline"), as further described in the Sale Procedures; *provided, however*, that the deadline for Competing Bidders to make their Initial Deposits (the "Deposit Deadline") shall be extended to **April 25, 2011 at 12:00 p.m. PDT**.

7. The deadline for objecting to the approval of the Sale Transaction (other than an objection to the proposed assumption and assignment of the Assumed Contracts or to any proposed Cure Costs), including the sale of the Purchased Assets free and clear of all Claims pursuant to Section 363(f) of the Bankruptcy Code shall be **April 22, 2011** (the "Objection Deadline") for all parties in interest; *provided, however*, that if a determination is made at the Sale Hearing that the Winning Bidder is a bidder other than the party having submitted the highest bid at the Auction (as such term is defined below), parties in interest may object at the Sale Hearing to the court's determination of such Winning Bidder as having submitted the highest and best bid for the Purchased Assets, to whether the Winning Bidder has provided adequate assurance of future performance, and to any other issue relating to the Winning Bidder that is properly before the Court.

8. The Purchaser shall constitute a Qualified Bidder (as defined in the Sale Procedures) for all purposes and in all respects with regard to the Sale Procedures.

9. As further described in the Sale Procedures, if more than one Qualified Bid is timely received, a Bankruptcy Court-supervised auction may be conducted at the outset of the Sale Hearing to determine the Winning Bidder (the "Auction"). If the Debtors do not receive any Qualified Bid other than the Stalking Horse's bid pursuant to the Purchase Agreement, they will not hold an Auction and the Stalking Horse will be named the Winning Bidder.

10. The Court shall conduct the Sale Hearing on **April 26, 2011 at 1:30 p.m. PDT** at which time the Court will consider approval of the Sale Transaction to the Winning Bidder. The Sale Hearing may be adjourned or rescheduled without notice by an announcement of the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

5

adjourned date at the Sale Hearing; *provided, however*, that the Sale Hearing shall not be deemed to have been held until it is substantially complete.

11. The Debtors are hereby authorized to conduct the Auction and the Sale Transaction (or other similar transaction, if the Winning Bidder is a party other than the Purchaser) without the necessity of complying with any state or local bulk transfer laws or requirements.

12. The manner of notice of the proposed sale, the Sale Procedures and the Sale Hearing are approved in all respects. In particular, no other or further notice of the proposed sale, the Sale Procedures and the Sale Hearing shall be required except as follows: (a) within two (2) business days after entry of this Order, the Debtors shall serve the Sale Notice by first-class mail, postage pre-paid, on its entire mailing matrix.

13. The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, or the consummation and performance of the sale of the Purchased Assets contemplated by the Purchase Agreement or a Marked Agreement (as defined in the Sale Procedures), if any.

14. The minimum overbid purchase price set forth in the Sale Procedures is hereby approved.

15. The following procedures shall govern the assumption and assignment of Assumed Contracts in connection with the sale of the Purchased Assets to the Purchaser:

    a. Objections, if any (the "Section 365 Objections"), to the proposed Cure Costs set forth in the Motion, or to the proposed assumption and assignment of the Assumed Contracts, including, but not limited to, objections related to adequate assurance of future performance or objections relating to whether applicable law excuses the non-debtor counterparty from accepting performance by, or rendering performance to, the Purchaser for purposes of Section 365(c)(1) of the Bankruptcy Code, must be in writing and filed with the Bankruptcy Court and served on the Purchaser's and Debtors' respective counsel of record so as to be received no later than **April 22, 2011** (the "Section 365 Objection Deadline"). Where a non-debtor counterparty to a Assumed

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

6

Contract files a Section 365 Objection meeting the requirements of this subparagraph (c), objecting to the assumption by the Debtors and assignment to the Purchaser of such Assumed Contract (the "Disputed Assumption") and/or asserting a cure amount higher than the proposed Cure Costs listed in the Motion (the "Disputed Cure Costs"), the Debtors, the Purchaser and the non-debtor counterparty shall meet and confer in good faith to attempt to resolve any such objection without Bankruptcy Court intervention.

b. If any of the Debtors, the non-debtor counterparty or the Purchaser determine that the objection cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Assumption and/or the amount to be paid under Section 365 of the Bankruptcy Code with respect to the Disputed Cure Costs will be determined by the Bankruptcy Court at a hearing established for such purpose.

c. Any non-debtor counterparty to an Assumed Contract who fails to file timely a Section 365 Objection to the proposed Cure Costs or the proposed assumption and assignment of an Assumed Contract by the Section 365 Objection Deadline, is deemed to have consented to such Cure Costs and the assumption and assignment of such Assumed Contract, and shall be forever barred from objecting to the Cure Costs or such assumption and assignment of the Assumed Contract, and from asserting any additional cure or other amounts against the Debtors, Debtors or their estates, the Purchased Assets or the Purchaser, in connection with the proposed sale.

d. Except as may otherwise be agreed to by the parties to an Assumed Contract, the defaults under the Contracts that must be cured in accordance with Section 365(b) of the Bankruptcy Code shall be cured as follows: the Purchaser or the Debtors, as required pursuant to the Purchase Agreement, shall pay all Cure Costs relating to an assumed executory contract or unexpired lease upon the earlier of (i) ten days after the Closing Date, or (ii) with respect to Disputed Cure Costs, the date the amount thereof is finally determined. Nothing herein shall affect the Debtors' rights and obligations under Section 365(k) of the Bankruptcy Code.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

7

e. Nothing in the Notice Procedures or the Sale Procedures limits, restricts or expands the rights of parties to executory contracts and unexpired leases pending assumption or rejection, including any rights to seek further relief from the Bankruptcy Court (including motions to compel a prompt final decision on assumption or rejection), or the rights of other parties in response to such requests.

16. The Debtors are authorized to comply with their obligations and undertakings under the Purchase Agreement (including, without limitation, the Sales Procedures) until the earlier of the termination of the Purchase Agreement or the Closing Date. Furthermore, upon consummation of the sale of the Purchased Assets, nothing in this Order alters or amends the terms and conditions of, or the rights and obligations of the non-Seller parties to, the Purchase Agreement.

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

19. The Sale Transaction is consistent with Section 363(b)(1)(A) of the Bankruptcy Code and the Debtors' privacy policy, and no consumer privacy ombudsman is necessary in connection with the Court's consideration of the Motion and approval of the bid of the Winning Bidder.

20. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order. All Qualified Bidders and all parties having submitted an objection to or other pleading with respect to the Motion and all matters arising therefrom (including, without limitation, a Section 365 Objection) are and shall be deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Purchased Assets. The Stalking Horse shall have standing to appear and be heard with respect to any matter arising from or

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

8

relating to the Auction and the sale of the Purchased Assets, including, without limitation, the Court's approval of the bid submitted by a Winning Bidder other than the Stalking Horse and the Court's consideration of such a bid as the highest and best bid for the Purchased Assets.

21. Any conclusion of law that would more appropriately be described as finding of fact shall be deemed to be finding of fact.

**IT IS SO ORDERED.**

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

9

| PREPARED AND SUBMITTED: | APPROVED/~~DISAPPROVED~~: |
|---|---|
| GORDON SILVER | LARSON & STEPHENS |
| By: /s/ Matthew C. Zirzow<br>GREGORY E. GARMAN, ESQ.<br>MATTHEW C. ZIRZOW, ESQ.<br>3960 Howard Hughes Pkwy., 9th Floor<br>Las Vegas, Nevada 89169 | By: /s/ Shara L. Larson<br>ZACHARIAH LARSON, ESQ.<br>SHARA L. LARSON, ESQ.<br>810 S. Casino Center Blvd., Suite 104<br>Las Vegas, Nevada 89101 |
| *Attorneys for Debtors* | *Attorneys for Windmill Durango Office II, LLC* |
| APPROVED/DISAPPROVED: | APPROVED/~~DISAPPROVED~~: |
| By: See attached<br>SHEA & CARLYON, LTD.<br>CANDACE CARLYON, ESQ.<br>701 Bridger Avenue, Suite 850<br>Las Vegas, Nevada 89101 | By: /s/ Mark P. Schreiber<br>COOPER, WHITE & COOPER, LLP<br>MARK P. SCHREIBER, ESQ.<br>201 California Street, 17th Floor<br>San Francisco, California 94111 |
| *Attorneys for Universal Service Administrative Company and U.S. TelePacific Corp., Mpower Communications Corp., and Arrival Communications, Inc.* | *Attorneys for Calaveras Telephone Company, et al.* |
| APPROVED/DISAPPROVED: | APPROVED/~~DISAPPROVED~~: |
| By: No response<br>FOX ROTHSCHILD LLP<br>BRETT A. AXELROD, ESQ.<br>GORDON R. GOOLSBY, ESQ.<br>3800 Howard Hughes Parkway, Suite 500<br>Las Vegas, Nevada 89169 | By: /s/ Bart Larsen<br>KOLESAR & LEATHAM, CHTD.<br>NATALIE M. COX, ESQ.<br>BART LARSEN, ESQ.<br>3320 W. Sahara Avenue, Suite 380<br>Las Vegas, Nevada 89102 |
| HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.<br>BONNIE N. HACKLER, ESQ.<br>320 South Boston Avenue, Suite 200<br>Tulsa, Oklahoma 74103 | TUCKER, ELLIS & WEST LLP<br>THOMAS W. COFFEY, ESQ.<br>SCOTT J. KELLEY, ESQ.<br>1150 Huntington Bldg.<br>925 Euclid Avenue<br>Cleveland, Ohio 44115 |
| *Attorneys for Level 3 Communications* | *Attorneys for AT&T and Affiliates* |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

PREPARED AND SUBMITTED:

GORDON SILVER

By:_____
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169

*Attorneys for Debtors*

APPROVED/DISAPPROVED:

By:_____
SHEA & CARLYON, LTD.
CANDACE CARLYON, ESQ.
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101

*Attorneys for Universal Service Administrative Company and U.S. TelePacific Corp., Mpower Communications Corp., and Arrival Communications, Inc.*

APPROVED/DISAPPROVED:

By: _____
FOX ROTHSCHILD LLP
BRETT A. AXELROD, ESQ.
GORDON R. GOOLSBY, ESQ.
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
BONNIE N. HACKLER, ESQ.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103

*Attorneys for Level 3 Communications*

APPROVED/DISAPPROVED:

LARSON & STEPHENS

By: _____
ZACHARIAH LARSON, ESQ.
SHARA L. LARSON, ESQ.
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

*Attorneys for Windmill Durango Office II, LLC*

APPROVED/DISAPPROVED:

By: _____
COOPER, WHITE & COOPER, LLP
MARK P. SCHREIBER, ESQ.
201 California Street, 17th Floor
San Francisco, California 94111

*Attorneys for Calaveras Telephone Company, et al.*

APPROVED/DISAPPROVED:

By: _____
KOLESAR & LEATHAM, CHTD.
NATALIE M. COX, ESQ.
BART LARSEN, ESQ.
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102

TUCKER, ELLIS & WEST LLP
THOMAS W. COFFEY, ESQ.
SCOTT J. KELLEY, ESQ.
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, Ohio 44115

*Attorneys for AT&T and Affiliates*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_2.doc

9

| | |
|---|---|
| APPROVED/~~DISAPPROVED~~: | APPROVED/DISAPPROVED: |
| By: __Darryl S. Laddin__<br>LEWIS AND ROCA, LLP<br>DAWN CICA, ESQ.<br>3993 Howard Hughes Pkwy., Suite 600<br>Las Vegas, Nevada 89169<br><br>ARNALL GOLDEN GREGORY LLP<br>DARRYL S. LADDIN, ESQ.<br>171 17th Street, N.W., Suite 2100<br>Atlanta, Georgia 30363<br><br>*Attorneys for Wholly-Owned Subsidiaries of Verizon Communications Inc. and PAETEC Communications, Inc.* | By: _____<br>LEWIS AND ROCA, LLP<br>DAWN CICA, ESQ.<br>3993 Howard Hughes Pkwy., Suite 600<br>Las Vegas, Nevada 89169<br><br>REED SMITH, LLP<br>KURT F. GWYNNE, ESQ.<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br><br>*Attorneys for Qwest Corporation and Qwest Communications Company, LLC* |

APPROVED/DISAPPROVED:

By: __No response__
MAZUR & ASSOCIATES
MICHAEL D. MAZUR, ESQ.
3037 E. Warm Springs Rd., Suite 200
Las Vegas, Nevada 89120

*Attorneys for Leading Edge Communications, Inc.*

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

11

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The Court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Dawn Cica, Esq./Darryl Laddin, Esq. (Verizon and Paetec): APPROVED
Dawn Cica, Esq./Kurt Gywnne, Esq. (Qwest): DISAPPROVED
Candace Carlyon, Esq. (U.S. Telepacific, *et al.*): APPROVED
Zachariah Larson, Esq./Shara Larson, Esq. (Windmill Durango): APPROVED
Brett Axelrod, Esq./Gordon Goolsby, Esq. (Level 3): NO RESPONSE
Bart Larsen, Esq./Thomas Coffey, Esq. (AT&T): APPROVED
Mark Schreiber, Esq. (Calaveras, *et al.*): APPROVED
Michael D. Mazur, Esq. (Leading Edge): NO RESPONSE

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102498-002/1179384_4.doc

12