**Entered on Docket**
**May 04, 2011**

Hon. Linda B. Riegle
**United States Bankruptcy Judge**

GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>COMMPARTNERS HOLDING CORPORATION,<br>a Nevada corporation<br><br>☐ Affects this Debtor.<br>☒ Affects all Debtors.<br>☐ Affects COMMPARTNERS, LLC, a Nevada<br>    limited liability company<br>☐ Affects COMMPARTNERS CARRIER<br>    SERVICES CORPORATION, a<br>    Nevada corporation<br>☐ Affects COMMPARTNERS NETWORK<br>    SERVICES, LLC, a Nevada limited<br>    liability company | Case No.: BK-S-10-20932-LBR;  Chapter 11<br>**Substantively Consolidated and Jointly**<br>**Administered with:**<br><br>10-20933   CommPartners, LLC<br>10-20934   CommPartners Carrier Services Corp.<br>10-20935   CommPartners Network Services, LLC<br><br><br>**SALE HEARING:**<br>Date:  April 26, 2011<br>Time:  1:30 p.m. PDT |

**ORDER: (I) AUTHORIZING THE SALE OF HOSTED SERVICES ASSETS OF THE**
**DEBTORS' ESTATES FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS**
**AND ENCUMBRANCES, (II) AUTHORIZING THE ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF**

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

The <u>Motion for Order (I) Authorizing the Sale of Debtors' Carrier Services Assets Free</u> <u>And Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption</u> <u>and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith,</u> <u>and (III) Granting Related Relief</u> ("<u>Motion</u>") [Docket No. 681], filed by the above-captioned debtors (collectively or any of them, the "<u>Debtors</u>") was heard and considered by the above-captioned bankruptcy court (the "<u>Bankruptcy Court</u>" or "<u>Court</u>") on April 26, 2011 at 1:30 p.m. PDT (the "Sale Hearing"). Appearances by counsel are reflected in the Bankruptcy Court's record of the Sale Hearing. The Bankruptcy Court read and considered the Motion and <u>Declaration of Greg Roeper</u> (the "<u>Roeper Declaration</u>") [Docket No. 682] filed in support of the Motion and the other papers filed and served in response to the Motion, including the Asset Purchase Agreement (the "<u>Purchase Agreement</u>") dated as of April 22, 2011 between the Debtors and Momentum Telecom, Inc. ("<u>Purchaser</u>"), a copy of which is attached hereto as **Exhibit "1."** The Bankruptcy Court was asked to take and did take judicial notice of the pleadings, papers, and other records contained in the Bankruptcy Court's file in this case and any adversary proceeding pending in relation thereto. The Bankruptcy Court having entertained the argument of counsel, having stated certain findings of fact and conclusions of law on the record at the hearing, which are incorporated herein in accordance with Federal Rule 52,[1] made applicable to pursuant to Bankruptcy Rule 7052, and made applicable to this contested matter pursuant to Bankruptcy Rule 9014(c), and based upon the foregoing, and other good cause:

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

---

[1]    Unless otherwise expressly stated herein, all references to Chapters or Sections shall refer to title 11 of the U.S. Code (the "Bankruptcy Code"). References herein to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure, as applicable. References herein to a "Federal Rule" shall refer to the Federal Rules of Civil Procedure, as applicable.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

B.      Notice of the Motion and the Sale Hearing (the "Sale Notice") was served in accordance with Bankruptcy Rule 2002 and 6004, the local rules of this Court and the Order: (I) Approving Procedures for the Sale of Debtors' Hosted Services Assets, (II) Scheduling a Final Hearing Approving the Sale, Subject to Overbids, and (III) Approving the Form and Manner of Notice Thereof (the "Sale Procedures Order") [Docket No. 703], upon (i) all known creditors of the Debtors, (ii) all parties who have requested notice pursuant to Bankruptcy Rule 2002, (iii) all known counterparties to executory contracts or unexpired leases, and (iv) all potential purchasers known by the Debtors.  The Sale Notice constitutes good and sufficient notice of the Motion and the Sale Hearing, and no other or further notice of the Sale Motion or the Sale Hearing need be given.  Except as set forth herein, the Sale Notice further constitutes good and sufficient notice of the Debtors' intent to assume and assign the Purchased Contracts (as defined in the Purchase Agreement) to the Purchaser and of the Debtors' proposed Cure Amounts (as defined in the Purchase Agreement) to be paid in accordance with Sections 365(b)(1)(A) and (B), and 365(f)(2)(A) of the Bankruptcy Code with respect to such Purchased Contracts.  No other or further notice of the Debtors' intent to assume and assign the Purchased Contracts or of the Cure Amounts need be given, except for the additional negative notice of this Order given to (a) the following counterparties to Wholesale Partner Agreements: Ideacom West Central Florida, Plexcom Networks/Teklinks, World VoIP Net, JEP Communications, Skystream Broadband Voice & Integration, and WorldVoIP.net as holders of Wholesale Partner Agreements, and (b) Prism Innovations as party to Quote# P924169013, and as described in Docket No. 740 (all counterparties to such contracts are hereinafter collectively referred to as the "Negative Notice Assumed Contracts").

C.      The Debtors have demonstrated a sufficient basis and the existence of exigent circumstances requiring them to conduct the sale transaction contemplated by the Purchase Agreement (the "Sale Transaction"), including the assumption and assignment of the Purchased Contracts, under Sections 105, 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their estates and their creditors.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

3

D.    The Debtors afforded interested potential buyers a full, fair and reasonable opportunity to make a higher or better offer to purchase the Purchased Assets (as defined in the Purchase Agreement), and provided potential buyers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets.

E.    The Purchaser is not a mere continuation or successor of the Debtors, there is no substantial continuity between the Purchaser and the Debtors, and there is no continuity of enterprise between the Purchaser and the Debtors.

F.    No common identity of incorporators, directors or stockholders exists between the Purchaser and the Debtors.

G.    The Sale Transaction is not being entered into fraudulently.

H.    The Purchaser is not holding itself out to the public as a continuation of the Debtors.

I.    The Purchaser is not an "insider" or otherwise an "affiliate" of the Debtors (as such terms are defined in section 101 of the Bankruptcy Code). The Purchase Agreement was negotiated and proposed, and has been entered into by the parties in good faith within the meaning of Section 363(m) of the Bankruptcy Code, at arm's length bargaining positions, and without collusion. The Purchaser did not engage in any collusion in placing its bid to purchase the Purchased Assets and is a good faith purchaser of the Purchased Assets within the meaning of Section 363(m) and entitled to the protections thereof.

J.    At the hearing on the Motion, an auction was held between the two qualified bidders, and the bid of Purchaser, with a modified total Purchase Price (as defined in the Purchase Agreement) of two million dollars ($2,000,000), was and is determined by the Court and accepted by the Debtors as the highest and best bid.

K.    The Debtors have full corporate power and authority to execute the Purchase Agreement, and all other documents and agreements contemplated thereby, to sell the Purchased Assets, and have been duly and validly authorized by all corporate authority necessary to consummate the Sale Transaction. No consent or approvals, other than as expressly provided for in the Purchase Agreement, are required by the Debtors to take such action.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

4

L.      The Debtors have advanced sound business reasons for seeking authority to enter into the Purchase Agreement, to sell the Purchased Assets, and to assume and assign any Purchased Contracts, as more fully set forth in the Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtors' business judgment to sell the Purchased Assets and to execute the Purchase Agreement with the Purchaser.

M.      The terms and conditions of the Purchased Assets, including the total consideration to be realized by the Debtors pursuant to the Purchased Assets, as set forth in the Roeper Declaration, are fair and reasonable and the Sale Transaction is in the best interest of the Debtors, their estates, and their creditors.

N.      A valid business purpose exists for approval of the Sale Transaction pursuant to Section 363(b) of the Bankruptcy Code. The Debtors' sale of substantially all assets to the Purchaser is a legal, valid and effective transfer of the Purchased Assets and any Purchased Contracts.

O.      The Debtors and the Purchaser have, to the extent necessary, and subject to the terms and conditions set forth herein, satisfied the requirements of Bankruptcy Code section 365, including sections 365(b)(1) and 365(f)(2), in connection with the Sale Transaction and the assumption and assignment of any Purchased Contracts.  The Purchaser has demonstrated adequate assurance of future performance with respect to all Purchased Contracts. It is reasonable and necessary to provide for the Transition Period (as defined in the Purchase Agreement) to allow for the orderly transfer of the Purchased Assets to Purchaser, as contemplated in the Purchase Agreement, including the Purchaser's use and occupation of the Debtors' premises at 8350 S. Durango Dr., Las Vegas, Nevada (the "Premises") during the Transition Period, or for such shorter time as may be designated by the Purchaser on five (5) days written notice to the Debtors and the landlord of the Premises (the "Landlord").  Absent the providing of the Transition Period as contemplated in the Purchase Agreement, the Sale Transaction could not be effectuated, the Debtors would not receive the same consideration for the sale of the Purchased Assets, and the Debtors, their estates, the business of the Debtors, and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

5

1    the Purchasers would all be irreparably harmed if the Debtors were not able to provide use and

2    occupancy of the Premises to Purchaser for the duration of the Transition Period.

3           P.     The Landlord has consented to the Debtors allowing Purchaser to use and occupy

4    the Premises on the terms set forth in the Purchase Agreement.  Purchaser will pay Landlord the

5    monthly rental obligation currently being paid by the Debtors for Purchaser's use and occupancy

6    of the Premises ($39,000/month rent, plus $6,000/month in CAM charges) during the Transition

7    Period, or such shorter period as may be designated by the Purchaser pursuant to the Purchase

8    Agreement, which payment obligation shall be prorated for any month during the Transition

9    Period for which the Purchaser uses and occupies the Premises for less than the full month.

10    Under the circumstances, it is a proper exercise of the Court's jurisdiction under section 105, 363

11    and 365 of the Bankruptcy Code to provide the Purchaser with use and occupation of the

12    Premises for the duration of the Transition Period, and restrain all Persons (as defined in the

13    Purchase Agreement) from interfering with the Purchaser's use and occupancy of the Premises

14    for the duration of the Transition Period, or such shorter time as may be designated by the

15    Purchaser in accordance with the Purchase Agreement.

16           Q.     Effective as of the conclusion of the Transition Period, the Lease shall be rejected

17    pursuant to Section 365(a) of the Bankruptcy Code, and such rejection is a proper exercise of the

18    Debtors' business judgment because, with the closing of the Sale Transaction, the Debtors will

19    no longer remain in business as a going concern.

20           R.     The Debtors and the Universal Service Administrative Company ("USAC") have

21    entered into a stipulation (the "USAC Stipulation"), Docket No. 730, which resolves USAC's

22    limited objection to the Motion, Docket No. 724.  The USAC Stipulation is reasonable and in the

23    best interests of the Debtors, their estates, and creditors of the estates.

24           S.     In the absence of a stay pending appeal, the Debtors and Purchaser will be acting

25    in good faith pursuant to section 363(m) of the Bankruptcy Code in closing the Sale Transaction

26    at any time on or after entry of this Order and cause has been shown as to why this order should

27    not be subject to the stay provisions of Bankruptcy Rules 6004(h) and 6006(d).

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

6

T.      The sale of the Purchased Assets outside of a plan of reorganization pursuant to the Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors.

U.      The Debtors have consented to the Purchase Agreement, this Order and the transactions contemplated thereby and hereby.

V.      Any and all entities who assert Claims against or interests in the Purchased Assets, have either consented to the Sale Transaction, or, (i) such Lien or interest is subject to a bona fide dispute; or (ii) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest, and therefore section 363(f) of the Bankruptcy Code has been satisfied.

W.      The relief granted herein is in the best interest of the Debtors and their estates.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Motion is GRANTED.

2.      All objections, if any, to the Motion that have not been withdrawn, waived or settled as announced to the Bankruptcy Court at the hearing on the Motion or by stipulation filed with the Bankruptcy Court, and all reservations of rights included therein, are hereby overruled on the merits with prejudice, except as expressly provided herein.

3.      The Debtors and their professionals have complied, in good faith, in all respects with the Sale Procedures Order.  As demonstrated by (a) any testimony and other evidence proffered or adduced at the hearing and (b) the representations of counsel made on the record at the hearing, sufficient marketing efforts and a competitive sale process were conducted in accordance with the Sale Procedures Order.  The Debtors (x) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Purchased Assets, (y) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets, and (z) considered any bids submitted on or before the deadline established in the Sale Procedures Order.

4.      The Purchase Agreement, subject to modification of the Purchase Price to two

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

7

million dollars ($2,000,000) as determined by the Court and accepted by the Debtors as the highest and best bid at the Sale Hearing, is approved and all transactions contemplated therein and all of the terms and conditions thereof are hereby approved. Debtors have title to (or in the case of leased assets, valid and enforceable leasehold rights in, or in the cases of certain licenses have valid and enforceable rights thereunder), are the lawful owner or lessee of, and pursuant to this Order have the full right to sell, transfer, convey, assign and deliver, the Purchased Assets to Purchaser free and clear of all Claims and Liabilities (as defined in the Purchase Agreement), other than Assumed Liabilities (as defined in the Purchase Agreement). The offer of the Purchaser, upon the terms and conditions set forth in the Purchase Agreement, including the form and total consideration to be realized by the Debtors pursuant to the Purchase Agreement is the highest and best offer received by the Debtors for the Purchased Assets.

5.    The Debtors have, to the extent necessary, satisfied the requirements of Section 363(b)(1) of the Bankruptcy Code. Accordingly, appointment of a consumer privacy ombudsman pursuant to Sections 363(b)(1) or 332 of the Bankruptcy Code is not required with respect to the relief granted in this Order.

6.    Pursuant to Sections 105, 363, 365 and 549 of the Bankruptcy Code, the Debtors are authorized and directed to perform their obligations under and comply with the terms of the Purchase Agreement and consummate the Sale Transaction, pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Order. None of the Excluded Assets (as defined in the Purchase Agreement), including but not limited to the Excluded Contracts (as defined in the Purchase Agreement), shall be sold, transferred or assigned to the Purchaser.

7.    The Debtors are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Purchase Agreement, in substantially the same form as the Purchase Agreement attached hereto as Exhibit 1, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions and execute such other documents as may be (a) reasonably requested by the Purchaser for the purpose of assigning, transferring, granting,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

8

1  conveying and conferring to the Purchaser, or reducing to possession, the Purchased Assets; (b)

2  necessary or appropriate to the performance of the obligations contemplated by the Purchase

3  Agreement; and (c) as may be reasonably requested by the Purchaser to implement the Purchase

4  Agreement and consummate the Sale Transaction in accordance with the terms thereof,

5  including, without limitation, modification of the schedule of Purchased Contracts attached to the

6  Purchase Agreement to correct errors (including Contracts misdescribed or inadvertently

7  omitted), all without further order of the Bankruptcy Court.

8        8.    This Order and the Purchase Agreement approved hereby shall be binding in all

9  respects upon the Purchaser, the Debtors and their estates, their affiliates, all creditors (whether

10  known or unknown) of any of the Debtors, all interested parties, and their successors and assigns,

11  including, but not limited to, any party asserting a claim relating to the Purchased Assets and any

12  non-debtor counterparty to the Purchased Contracts.

13        9.    The transfer of the Purchased Assets to the Purchaser (a) shall be a valid, legal,

14  binding and effective transfer; (b) shall vest the Purchaser with all right, title and interest of the

15  Debtors and their estates in the Purchased Assets; and (c) shall be free and clear of all claims (as

16  such term is defined by Section 101(5) of the Bankruptcy Code) (except claims accruing under

17  Purchased Contracts on or after the Closing Date (or if a contract is assigned later, the date of

18  such assignment), and claims related to Assumed Liabilities),  Liens (as such term is defined in

19  the Purchase Agreement), security interests, charges, pledges, options, conditional sale

20  agreements, other title retention agreements, mortgages, liabilities, encumbrances, rights,

21  remedies, restrictions and interests and encumbrances of any kind or nature whatsoever,

22  including the filing of, or agreement to give, any financing statement under the Uniform

23  Commercial Code of any jurisdiction, whether arising before or after the Petition Date, whether

24  at law or in equity, including all claims or rights based on any successor or transferee liability, all

25  labor and employment claims (including without limitation WARN Act liability), all

26  environmental claims, all change in control provisions, all rights to object or consent to the

27  effectiveness of the transfer of the Purchased Assets to the Purchaser or to be excused from

28  accepting performance by the Purchaser or performing for the benefit of the Purchaser under any

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

9

1    Purchased Contract and all rights at law or in equity (collectively, "Claims"), with all such

2    Claims to attach to the proceeds of the Sale Transaction ultimately attributable to the Purchased

3    Assets against or in which such Claims are asserted, or other specifically dedicated funds held by

4    the Debtors' estates, in the order of their priority, with the same validity, force and effect which

5    they now have as against the Purchased Assets, subject to any rights, claims and defenses the

6    Debtors' estates, as applicable, may possess with respect thereto.

7        10.    Except as otherwise expressly provided in the Purchase Agreement or as

8    otherwise agreed by the parties, all persons and entities (and their respective successors and

9    assigns), including, but not limited to, all debt security holders, equity security holders, affiliates,

10   governmental, tax and regulatory authorities, lenders, customers, employees, trade creditors,

11   litigation claimants and other creditors, holding Claims (whether legal or equitable, secured or

12   unsecured, known or unknown, matured or unmatured, contingent or non-contingent, liquidated

13   or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any

14   way relating to, the Debtors or their estates, the ownership or operation of the Purchased Assets

15   or the Specified Business (as defined in the Purchase Agreement) prior to Closing (as defined in

16   the Purchase Agreement), or the sale or transfer of the Purchased Assets to the Purchaser, are

17   hereby forever barred, estopped and permanently enjoined from asserting such Claims against

18   the Purchaser, its successors or assigns, its property or the Purchased Assets.  For the avoidance

19   of doubt, nothing in this paragraph bars, estops or enjoins counterparties to Purchased Contracts

20   from asserting claims against the Purchaser for amounts accruing under the Purchased Contracts

21   for obligations incurred after the Closing Date (or such later date on which a particular Contract

22   is assumed and assigned to Purchaser).

23        11.    This Order (a) shall be effective as a determination that, as of the Closing, (i) no

24   Claims (except those claims accruing under Purchased Contracts on or after the Closing Date (or

25   if a contract is assigned later, the date of such assignment), and claims related to Assumed

26   Liabilities) will be assertable against the Purchaser, its affiliates, successors or assigns or any of

27   their respective assets (including the Purchased Assets), whether or not due and payable as of the

28   Closing, (ii) the Purchased Assets shall have been transferred to the Purchaser free and clear of

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

10

1   all Claims and (iii) the conveyances described herein have been effected; and (b) is and shall be

2   binding upon and govern the acts of all entities, including, without limitation, all filing agents,

3   filing officers, title agents, title companies, registrars of patents, trademarks or other intellectual

4   property, administrative agencies, governmental departments, secretaries of state, federal and

5   local officials and all other persons and entities who may be required by operation of law, the

6   duties of their office or contract, to accept, file, register or otherwise record or release any

7   documents or instruments, or who may be required to report or insure any title or state of title in

8   or to any lease; and each of the foregoing persons and entities is hereby directed to accept for

9   filing any and all of the documents and instruments necessary and appropriate to consummate the

10   transactions contemplated by the Purchase Agreement.

11         12.    If any person or entity that has filed financing statements, mortgages, mechanic's

12   liens, lis pendens or other documents or agreements evidencing Claims against or in the Debtors'

13   estate or the Purchased Assets shall not have delivered to the Debtors prior to the Closing of the

14   Sale Transaction, in proper form for filing and executed by the appropriate parties, termination

15   statements, instruments of satisfaction, releases of all interests that the person or entity has with

16   respect to the Debtors and their estates or the Purchased Assets or otherwise, then only with

17   regard to Purchased Assets that are purchased by the Purchaser pursuant to the Purchase

18   Agreement and this Order (a) the Debtors are hereby authorized and directed to execute and file

19   such statements, instruments, releases and other documents on behalf of the person or entity with

20   respect to the Purchased Assets, and (b) the Purchaser is hereby authorized to file, register or

21   otherwise record a certified copy of this Order, which, once filed, registered or otherwise

22   recorded, shall constitute conclusive evidence of the release of all Claims against the applicable

23   Purchased Assets. This Order is deemed to be in recordable form sufficient to be placed in the

24   filing or recording system of each and every federal, state, or local government agency,

25   department or office.

26         13.    All persons or entities in possession of some or all of the Purchased Assets are

27   directed to surrender possession of such Purchased Assets to the Purchaser or its respective

28   designees at the time of the Closing of the Sale Transaction.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

11

14.     Following the Closing of the Sale Transaction, no holder of any Claim shall interfere with the Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim, or based on any actions the Debtors may take in their Chapter 11 cases, or in the event of a conversion of any of those cases to a case under any other chapter of the Bankruptcy Code, any such actions in those cases.

15.     All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the Purchase Agreement and this Order.

16.     To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to the Purchaser on account of the filing or pendency of these Chapter 11 cases or the consummation of the Sale Transaction contemplated by the Purchase Agreement.

17.     Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, the Debtors' assumption and assignment or other transfer to the Purchaser of all of the Debtors' right, title and interest in or under the Purchased Contracts are hereby approved, with only such exclusions from Purchased Contracts as the Purchaser may designated by notification to the Debtors in writing, and all requirements of Section 365 of the Bankruptcy Code are hereby deemed satisfied. For the avoidance of doubt, the Debtors shall be deemed to have assumed and assigned each of the Purchased Contracts, and the Purchaser assumed the Assumed Liabilities which accrue thereafter, as of the date of and effective only upon the Closing of the Sale Transaction and, absent such Closing, each of the Purchased Contracts shall neither be deemed assumed nor assigned. Further, if the assumption and assignment of a particular Contract takes place after the Closing, then such later date shall be the effective date of such assumption and assignment and for Purchaser's assumption of liabilities accruing under such Contract thereafter.

18.     The Debtors are directed to send the counterparties to the Negative Notice Assumed Contracts additional notice similar to LR 9014.1 that the Court will consider any 365 Objection (as defined in the Sale Motion) with respect to their contracts without further notice of

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

12

1  hearing unless such counterparty files such objection within twenty (21) days from the date of

2  service of this Order on them.  If such counterparty to a Negative Notice Assumed Contract

3  objects to the assumption and assignment of its contract, or to the cure amount designated in the

4  Sale Motion, they must file such objection at the bankruptcy clerk's office located in Las Vegas

5  at the United States Bankruptcy Court, 300 Las Vegas Boulevard, South, Las Vegas, Nevada

6  89101 and serve a copy on the Debtors' and Purchaser's attorneys and any other appropriate

7  persons.  The failure to file such an objection by a counterparty to a Negative Notice Assumed

8  Contract by such time shall forever bar such party from raising any objection pursuant to Section

9  365 of the Bankruptcy Code.

10      19.    Except as provided herein, the Debtors are hereby authorized in accordance with

11  Sections 105(a) and 365 of the Bankruptcy Code to assume and assign, sell and otherwise

12  transfer the Purchased Contracts and all of the Debtors' right, title or interest in the estates

13  therein or thereunder to the Purchaser free and clear of all Claims, and to execute and deliver to

14  the Purchaser such documents or other instruments as may be necessary to assign and transfer

15  the Purchased Contracts to the Purchaser.

16      20.    The Purchased Contracts shall be transferred to, and remain in full force and

17  effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding

18  any provision in any such Purchased Contract (including those of the type described in Sections

19  365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment

20  or transfer.  To the extent that the Purchaser exercises any right to exclude any Purchased

21  Contract from the Sale Transaction pursuant to the Purchase Agreement, such Purchased

22  Contract shall be deemed never to have been assumed by the Debtors or assigned to the

23  Purchaser.  The Purchaser will be responsible to pay all amounts accruing on and after the

24  Closing Date under the Purchased Contracts.

25      21.    Upon the Closing Date (as defined the Purchase Agreement), the Purchaser shall

26  be fully and irrevocably vested with all right, title and interest of the Debtors under the

27  Purchased Contracts. The assignment of the Purchased Contracts shall be effective upon the

28  Purchasers' payment of the Purchase Payment (as defined below) into escrow.  Debtors shall and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

13

hereby are directed to pay all Cure Amounts in respect of the Purchased Contracts; provided, however, that in the event of a dispute on the amount of Cure Amount between the Debtors and the non-debtor party to a Purchased Contact, Debtors shall be deemed to have satisfied their obligations to pay all Cure Amounts with respect to a Purchased Contract by establishing a reserve therefor in the amount asserted by such non-debtor party or otherwise established by order of this Court.  Any dispute, including those as to the amount of any Cure Claim, will be resolved as set forth in the Order: (I) Approving Procedures for the Sale of the Debtors' Hosted Services Assets, (II) Scheduling a Final Hearing Approving the Sale, Subject to Overbids, and (III) Approving the Form and Manner of Notice Thereof, Docket No. 703.  Accordingly, The proceeds of the Sale Transaction paid by the Purchaser to Debtors (the "Purchase Payment") shall be used to pay or reserve for all Cure Amounts.  The claims of counterparties to be paid their respective Cure Amounts shall have priority in the Purchase Payment over all other claims which may be asserted against the Debtors' estates in this proceeding or any other subsequent proceeding under chapter 7 of the Bankruptcy Code.  The entire purchase price ($2,000,000) shall be used to pay or reserve for all Cure Amounts and shall be held separately from the Debtors' other cash and shall not be commingled with other assets of the estates or otherwise use by the Debtors until all Cure Amounts, as finally determined by this Court or as otherwise agreed to by the Debtors and the counterparties to the Purchased Contracts, have been paid in full.  To the extent of any dispute regarding the amount of Cure Amount between the Debtors and the non-debtor party to a Purchased Contact, partial payment of such Cure Amount, including, but not limited to, payment of the undisputed amount of such Cure Amount, by the Debtors to such non-debtor party will not operate as a full satisfaction of the complete Cure Amount, unless the parties agree otherwise. The Debtors shall be and are obligated to pay all Cure Amounts accrued prior to the Closing, including all unpaid amounts (whether billed or unbilled) accrued under the Purchased Contracts, whether or not yet due, as of Closing Date (or such later date on which a particular Contract is assumed and assigned to Purchaser).

22.    Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Purchaser shall be provided by the Debtors with the use and occupancy of the Premises during the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

14

Transition Period, as set forth in the Purchase Agreement. Purchaser will pay Landlord the monthly rental obligation currently being paid by the Debtors for Purchaser's use and occupancy of the Premises ($39,000/month rent, plus $6,000/month in CAM charges) during the Transition Period, which payment obligation shall be prorated for any month during the Transition Period for which the Purchaser uses and occupies the Premises for less than the full month. Purchaser has agreed to pay the landlord the first months use and occupancy charge within 24 hours after the Closing. During the second month the Purchaser has agreed to pay a pro-rated portion the use and occupancy charge weekly in advance (to be adjusted if the Purchaser provides the five day notice and occupies the premises for less than the full second thirty day period). If the Closing Date has not occurred before the end of May 10, 2011, the landlord shall have the right to move in the Bankruptcy Court for whatever relief the landlord may seek for the non-payment of the use and occupancy charge and the Debtors and the Purchaser may be heard in response and with whatever relief either of them may seek. If the landlord exercises this right to seek relief for the non-payment of the use and occupancy charge prior to the Closing Date but after May 10, 2011, the landlord shall immediately notify the Debtors and the Purchaser through their counsel. All Persons shall be and hereby are enjoined and restrained from interfering with the Purchaser's use and occupancy of the Premises for the duration of the Transition Period, or such shorter time as may be designated by the Purchaser in accordance with the Purchase Agreement. The landlord shall be relieved from this restraint if the Purchaser fails to pay the post Closing use and occupancy charge pursuant to the terms set forth herein.

23.    The USAC Stipulation is hereby approved and incorporated herein by reference.

24.    Notwithstanding the language in Sections 4A(b) and 7.1(e) of the Purchase Agreement, the Intrado Agreement (as defined in the Purchase Agreement), shall be included as a Purchased Contract under the Purchase Agreement, and not an Excluded Contract.

25.    The objection to the Motion filed by C3IP Communications, LLC ("C3IP"), Docket No. 727 (the "C3IP Objection"), is resolved as set forth on the record of the Sale Hearing and further described herein. In particular, that portion of C3IP's Objection based on a lack of

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

15

1    adequate assurance under section 365 of the Bankruptcy Code was withdrawn at the Sale

2    Hearing. Further, to the extent that C3IP has claims or rights against the Debtors, such claims or

3    rights, to the extent possible and subject to any prior Court orders or bar dates, will be asserted

4    against the Debtors, whether pursuant to the claims process or pursuant to Section 365 (b)(1) (A)

5    or (B), whether or not asserted in the C3IP Objection, and no  such claim or right shall be

6    asserted against the Purchaser or raised as a defense or offset to the Note. It was also agreed in

7    open Court that defenses related to the Note itself (for example, prior payment or other similar

8    defenses unrelated to the activities of the Debtors)  are preserved and C3IP  may assert such

9    defenses in any action by the Purchaser to enforce the Note. For such purposes the Purchaser

10    shall not be a holder in due course.

11        26.    Exclusively with respect to that portion of the objection of Qwest

12    Communications Company, LLC ("QCC"), Docket No. 722 (the "QCC Objection"), that is

13    based on a lack of adequate assurance of future performance under section 365 of the

14    Bankruptcy Code, such portion is resolved as described herein.   Specifically, subject to

15    paragraphs 17 and 22 of this Order, the Debtors will assume, and assign to the Purchaser, that

16    certain Wholesale Services Agreement effective as of April 6, 2006 (and all amendments,

17    annexes, exhibits, attachments, addenda and rate change notices thereto), as is described in the

18    QCC Objection. Adequate assurance that the Debtor will promptly cure the Cure Amount of

19    QCC, as required by Section 365(b)(1)(A) of the Bankruptcy Code will be provided by the

20    establishment of the reserve pursuant to Section 21 of this Order. QCC has requested and the

21    Debtors shall hold the reserve for QCC separate and apart from the other reserved funds. The

22    reserve for QCC shall be in the amount of $496,099.50 and if the Closing shall not have occurred

23    by May 5, 2011 the amount shall be increased by $4,209.39 per day.

24        27.    Except with respect to the Assumed Liabilities and amounts accruing under

25    Purchased Contracts on and after the closing Date (or if assigned after the Closing Date, the date

26    of assignment) , the Purchaser shall not have or succeed to any liability or other obligation of the

27    Debtors or their affiliates arising under or related to the Purchased Assets. Without limiting the

28    generality of the foregoing, and except with respect to the Assumed Liabilities, the Purchaser

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

16

1    shall not be liable for any claims against the Debtors or any of their predecessors or affiliates,

2    and the Purchaser shall have no successor or vicarious liabilities of any kind or character,

3    including, but not limited to, any theory of antitrust, environmental, successor or transferee

4    liability, labor and employment law (including without limitation WARN Act liability), de facto

5    merger or substantial continuity, whether known or unknown as of the Closing, now existing or

6    hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated,

7    with respect to the Debtors or their affiliates or any obligations of the Debtors or their affiliates

8    arising prior to the Closing, including, but not limited to, liabilities on account of any taxes

9    arising, accruing or payable under, out of, in connection with, or in any way relating to the

10   operation of the Purchased Assets prior to the Closing of the Sale Transaction.   For the

11   avoidance of doubt, the Assumed Liabilities shall not include any liabilities accrued or payable

12   under any Purchased Contracts prior to the Closing Date (or such later date on which a particular

13   Contract is assumed and assigned to Purchaser), whether or not such liabilities are then due and

14   payable.

15        28.     Upon the Debtors' assignment of the Purchased Contracts to the Purchaser under

16   the provisions of this Sale Order and any additional order contemplated by the Purchase

17   Agreement, no default shall exist under such Purchased Contract, and no counterparty to any

18   Purchased Contract shall be permitted to declare a default by the Purchaser under such Purchased

19   Contract or otherwise take action against the Purchaser as a result of any Debtors' financial

20   condition, bankruptcy or failure to perform any of its obligations under the relevant Purchased

21   Contract, or as a result of the assignment of such Purchased Contract to the Purchaser.

22        29.     No objection being raised by any counterparty to an executory contract that such

23   counterparty's consent was required to the assumption and assignment of such contract pursuant

24   to 365(c), all rights to assert any such objections are conclusively deemed waived and all such

25   counterparties are therefore deemed to have provided consent to the assumption and assignment.

26        30.     The Purchaser has given substantial consideration under the Purchase Agreement

27   for the benefit of the holders of Claims.  The discrete consideration given by the Purchaser shall

28   constitute valid and valuable consideration for the releases of any potential claims of successor

Gordon Silver
Attorneys at Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

17

1    liability of the Purchaser, which releases shall be deemed to have been given in favor of the

2    Purchaser by all holders of any Claims of any kind whatsoever.

3        31.    No bulk sales law or similar law of any state or other jurisdiction shall apply in

4    any way to the transactions contemplated by the Purchase Agreement, the Motion and this Order.

5        32.    The transactions contemplated by the Purchase Agreement are undertaken by the

6    Purchaser in good faith and at arms' length, as that term is used in section 363(m) of the

7    Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization

8    provided herein to consummate the Sale Transaction shall not affect the validity of the Sale

9    Transaction (including the assumption and assignment of the Purchased Contracts), unless such

10   authorization is duly stayed pending such appeal prior to the Closing.

11       33.    The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the

12   effectiveness of this Order for fourteen (14) days are hereby waived, and this Order shall be

13   effective immediately upon entry thereof.

14       34.    The consideration provided by the Purchaser for the Purchased Assets constitutes

15   reasonably equivalent value and fair consideration (as those terms may be defined in each of the

16   Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the

17   Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state,

18   territory or possession thereof or the District of Columbia or any other applicable jurisdiction

19   with laws substantially similar to the foregoing.

20       35.    The Sale Transaction may not be avoided under section 365(n) of the Bankruptcy

21   Code.

22       36.    The terms and provisions of the Purchase Agreement and this Sale Order shall be

23   binding in all respects upon, and shall inure to the benefit of, the Debtors and their estate, their

24   creditors, the Purchaser, the respective affiliates, successors and assigns of each, and any trustee

25   that may be appointed in this chapter 11 proceeding or any subsequent chapter 7 proceeding, and

26   any affected third parties, and all other persons asserting claims in the Purchased Assets to be

27   sold to the Purchaser pursuant to the Purchase Agreement.  The failure specifically to include

28   any particular provisions of the Purchase Agreement or any related agreements in this Order

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

18

shall not diminish or impair the effectiveness of such provision, it being the intent of this Court, Debtors and the Purchaser that the Purchase Agreement and any related agreements are authorized and approved herein in their entirety with such amendments thereto as may be made by the parties consistent with this Order prior to the Closing.

37.    Except as specifically set forth in the Purchase Agreement, the Purchase Agreement may be further modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Bankruptcy Court, provided that any such modification, amendment or supplement does not materially change the terms of the Purchase Agreement or modify the express terms of this Sale Order.

38.    Each and every federal, state and local governmental agency, department or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

39.    While the Bankruptcy Cases are pending, the Bankruptcy Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith in all respects), to adjudicate disputes related to this Order or the Purchase Agreement and to enter any orders under Sections 105, 363 and/or 365 (or other relevant provisions) of the Bankruptcy Code with respect to the Purchased Contracts.

40.    Immediately after the Closing, and consistent with the Sales Procedure Order, the Escrow Agent shall pay directly to Leading Edge Communications, Inc., a Delaware corporation ("Leading Edge"), the Break-Up Fee in the amount of $83,000, and the Escrow Agent shall return Leading Edge's deposit in the amount of $166,000, consistent with any written wiring or delivery instructions provided by Leading Edge, and in full satisfaction and release of any obligations between the Debtors and Leading Edge.

41.    Without further order of the Court, the Escrow Agent is authorized and directed to distribute the Cure Amounts as set forth on Exhibit "2" to the Motion, as well as a Cure Amount

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

19

of $16,826.76 to Cisco per separate stipulation [Docket No. 740], per the delivery directions as provided by the Debtors. The Escrow Agent is authorized to distribute any further Cure Amounts (such as with respect to QCC, Level 3 and C3IP, if any) and the remainder of any sale proceeds after payment of all Cure Amounts only upon further order of the Court

42.    To the extent any conflicts exist between this Order and the Purchase Agreement, the terms of this Order shall govern and control; provided, however, that the rights and obligations of the Purchaser under its bid, as reflected in the Purchase Agreement, shall not be altered without the consent of the Purchaser.

**IT IS SO ORDERED.**

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

PREPARED AND SUBMITTED:

GORDON SILVER

By:___/s/ Matthew C. Zirzow____
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169

*Attorneys for Debtors*


APPROVED/~~DISAPPROVED~~:

By:___/s/ Gordon R. Goolsby____
FOX ROTHSCHILD LLP
BRETT A. AXELROD, ESQ.
GORDON R. GOOLSBY, ESQ.
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
BONNIE N. HACKLER, ESQ.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103

*Attorneys for Level 3 Communications*


APPROVED/~~DISAPPROVED~~:

LARSON & STEPHENS

By:___/s/ Shara L. Larson____
ZACHARIAH LARSON, ESQ.
SHARA L. LARSON, ESQ.
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

*Attorneys for Windmill Durango Office II,
LLC*


APPROVED/~~DISAPPROVED~~:

By:___/s/ Bart Larsen____
KOLESAR & LEATHAM, CHTD.
BART LARSEN, ESQ.
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102

TUCKER, ELLIS & WEST LLP
THOMAS W. COFFEY, ESQ.
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, Ohio 44115

*Attorneys for AT&T and Affiliates*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

21

1

APPROVED/~~DISAPPROVED~~:                     APPROVED/~~DISAPPROVED~~:

2

By: ___/s/ Christine Devine_____          By: ___/s/ Kurt Gwynne_____
SHEA & CARLYON, LTD.                          LEWIS AND ROCA, LLP

3

CANDACE CARLYON, ESQ.                         DAWN CICA, ESQ.

4

701 Bridger Avenue, Suite 850                 3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89101                       Las Vegas, Nevada 89169

5

MIRICK, O'CONNELL, DEMALLIE &                 REED SMITH, LLP

6

LOUGEE, LLP                                   KURT F. GWYNNE, ESQ.
CHRISTINE DEVINE, ESQ.                        1201 Market Street, Suite 1500

7

1700 West Park Drive                          Wilmington, DE 19801
Westborough, MA 01581

8

*Attorneys for Qwest Corporation and Qwest*

9

*Attorneys for Universal Service*            *Communications Company, LLC*
*Administrative Company*

10

11

APPROVED/~~DISAPPROVED~~:                     APPROVED/~~DISAPPROVED~~:

12

MAZUR & ASSOCIATES

13

By: ___Michael D. Mazur_____           By: ___/s/ Richard E. Mikels_____

14

MICHAEL D. MAZUR, ESQ.                        MINTZ LEVIN COHN FERRIS GLOVSKY
                                              & POPEO, PC

15

3037 E. Warm Springs Rd., Suite 200          RICHARD E. MIKELS, ESQ.
Las Vegas, Nevada 89120                       One Financial Center

16

                                              Boston, MA 02111

17

*Attorneys for Leading Edge*
*Communications, Inc.*                        MINTZ LEVIN COHN FERRIS GLOVSKY

18

                                              & POPEO, PC
JOSEPH R. DUNN, ESQ.

19

APPROVED/~~DISAPPROVED~~:                     3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130

20

GREENBERG TRAURIG

21

By: ___/s/ Bob Olson_____              McDONALD CARANO WILSON, LLP

22

BOB OLSON, ESQ.                               2300 West Sahara Avenue
3773 Howard Hughes Parkway                    No.10, Suite 1000

23

Suite 400 North                               Las Vegas, Nevada 89102
Las Vegas, NV 89169

24

*Attorneys for Momentum Telecommunications*

25

*Attorneys for C3IP Communications, LLC*

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5

22

1

2

### LR 9021 CERTIFICATION

3       In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

4       ☐   The Court has waived the requirement set forth in LR 9021(b)(1).

5

6       ☐   No party appeared at the hearing or filed an objection to the motion.

7       ☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

8

9

10      ZACHARIAH    LARSON,    ESQ./SHARA    L.    LARSON,    ESQ.    (Windmill    Durango): APPROVED

11      MICHAEL D. MAZUR, ESQ. (Leading Edge):  APPROVED

12      GORDON R. GOOLSBY, ESQ./BONNIE N. HACKLER, ESQ. (Level 3):  APPROVED

13      RICHARD E. MIKELS, ESQ./JOSEPH R. DUNN, ESQ. (Momentum):  APPROVED

14

15      CANDACE CARLYON, ESQ./CHRISTINE DEVINE, ESQ. (USAC):  APPROVED

16      DAWN CICA, ESQ./KURT F. GWYNNE, ESQ. (Qwest):  APPROVED

17      BOB OLSEN, ESQ. (C3IP):  APPROVED

18      ☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

19

20                          ###

21

22

23      5388704v.4

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5382502v.5                          23